## Application of RUSSELL HOUSE MOVERS, Inc.

Railroad & Public Utilities Commission.

January 19, 1956.

O. C. Beakes, Jacksonville, for the applicant.

Matt O'Brien, Macfarlane, Ferguson, Allison & Kelly, Tampa, for Central Truck Lines, Inc., Great Southern Trucking Co. Inc., Overseas Transportation Co., Tamiami Trail Tours, Inc., Fogarty Bros. Inc., Hunt Truck Lines and M. R. & R. Trucking Co., protestants.

W. G. Carver, Lakeland, for W. E. Youngblood, protestant.

Fred Dewhurst, Miami, for Leonard Bros. Transfer & Storage Co., protestant.

Martin Sack, Jacksonville, for William C. Gilbert, John R. Wadsworth & Son, Walter Hygema, Frank N. Thomas, M. S. Letchworth, Eugene Moor Davis, Thomas O. Aplin, Suwanee Transfer Co. and Wankard Pooser, protestants.

E. I. Smith, Lakeland, for himself, as protestant.

R. H. Exum, Bonded House Movers, Tampa, protestant.

J. W. Green, Gainesville, protestant.

Chairman WILBUR C. KING, commissioners JERRY W. CARTER and ALAN S. BOYD participated in the disposition of this application.

BY THE COMMISSION.

On August 12, 1954 the commission by its duly designated examiner, Alfred E. Sapp, held a public hearing on the application at 2605 W. Flagler St., Miami. On August 23, 1955 a further hearing was held before the commission's designated examiner, Lewis W. Petteway, at 2255 Oak St., Jacksonville.

Russell House Movers, Inc., a Florida corporation with its principal place of business in Miami, has applied for an extension of its certificate of public convenience and necessity #357 so as to authorize the transportation of houses, including concrete buildings, between all points and places in the state over irregular routes.

At the Miami hearing the application was amended by adding to paragraph 11 thereof the following—"houses or buildings to be erect, not knocked down or unassembled prefabricated houses or buildings."

At the conclusion of the Miami hearing applicant requested leave to take the deposition of two additional witnesses. The protestants agreed on condition that they would not be required to put on their testimony at the Miami hearing but would be given an opportunity to be heard at a further hearing to be held in Jacksonville.

Applicant is the present holder of certificate #357 authorizing the operation of an auto transportation company in the common carriage of houses over irregular routes between points and places within Pinellas County, and in the common carriage of buildings and tanks in connection with the moving of such buildings between all points and places in the counties of Dade, Monroe, Collier, Broward and Palm Beach.

The record conclusively shows that applicant is financially and otherwise fit and able to render the transportation services contemplated by the application. The applicant has some of the very finest equipment specially designed for the moving of large and

heavy buildings and has moved concrete block buildings up to 80 feet in length and a distance of two or three miles. It has handled many moving jobs wholly within the city limits of many cities in the state. The president of applicant corporation testified that applicant has received many requests to move buildings in many parts of the state. These requests were primarily from the state road department asking applicant to submit bids for moving houses in various parts of the state where the road department was concerned with the clearing of right-of-ways for road construction.

At the Jacksonville hearing the depositions of Malcolm N. Yancey and L. O. Hazen in support of the application were made a part of the record.

L. O. Hazen testified as district right-of-way agent for the state road department. His duties are to secure right-of-way for the road department and in the performance of his duties, he is required to contact housemovers and obtain prices for clearing existing buildings from right-of-ways. These prices are used by the road department in determining the cost of obtaining right-of-ways. The property owner is advised concerning the cost of removing the building from the right-of-way and it is up to the property owner to secure a house mover. The road department does not have the buildings moved, but sees to it that the right-of-way is cleared within a specified time. The witness Hazen estimated that three to four percent of all buildings moved from right-of-ways would be masonry buildings to be moved beyond city limits. He testified that during the past few years there had been much delay in moving buildings from right-of-ways within the time specified by the road department.

Malcolm N. Yancey testified, as engineer of right-of-way of the state road department. As such engineer, he has charge of procurement of right-of-ways for the construction of roads in the state. In supporting the application, this witness testified that free competition is the life of trade and that, in his opinion, anyone who wants to go in the business should be able to operate in most any area. Such a philosophy runs counter to the theory of the Florida Auto Transportation Law, which recognizes that an adequate and sustained transportation system which is required by the public interest and welfare is dependent upon regulated monopolies. This witness further testified that about 90% of the house moving required in the clearing of right-of-ways involves simple

move-backs as distinguished from transportation over the highways.

The application was opposed by twelve or more house movers who hold certificates authorizing the operation of auto transportation companies as common carriers engaged in moving buildings of all kinds in practically every section of the state. Most of these certificate holders are well equipped to handle most of the house moving they may be called upon to perform. Most of them find it difficult to secure sufficient business to keep their equipment reasonably busy. It is their practice to secure additional equipment from certificate holders whenever a job requires equipment which they do not own themselves. Such equipment is very expensive and the house moving business is too uncertain and sporadic to justify each certificate holder owning all the equipment that every job offered him may require.

Undoubtedly the granting of the application would have a very serious effect on most of the existing certificate holders—making it difficult for them to remain in business and thus jeopardizing the ability of the public to secure the services which are not available and which under the law, as construed by the Supreme Court, must be protected. The Supreme Court has said that applications such as this cannot be granted in the absence of a strong showing that there is a real need for the additional service and that existing certificate holders are unable or refuse to render such service. No such showing has been made in this case. A very conclusive showing has been made that the applicant is extremely well equipped to render a very satisfactory service but little showing has been made of actual need for the service or that existing carriers are unable to provide the same.

After the hearings in this cause, the proposed order was served on the respective parties and exceptions thereto were filed by the applicant. The commission heard oral argument on the exceptions and has carefully considered the exceptions, the oral argument, and the entire record, and the commission is of the opinion that the exceptions should be overruled.

From the evidence adduced herein, the commission finds that the applicant has failed to make the showing required by decisions of the Supreme Court and has failed to show that public convenience and necessity require the granting of the application. The commission further finds that the granting of the application would have a serious adverse effect upon existing transportation

facilities and jeopardize the interests of the public in maintaining an adequate and sustained transportation system.

The exceptions are overruled and the application, as amended, is denied.